IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED
98 DEC 29 PM 1:55
U.S. DISTRICT COURT
N.D. OF ALABAMA

BEN L. PAYTON, et al.,

    PLAINTIFFS,

vs.                                    CASE NO. CV 97-J-2001-S

MONSANTO COMPANY,
et al.,

    DEFENDANTS.

ENTERED
DEC 29 1998

## MEMORANDUM ORDER

This action is before the court on the plaintiffs' motion to remand this case to the Shelby County Circuit Court (doc. 5). The court has reviewed this motion.

This action asserts claims on behalf of a class of individual plaintiffs who are or were property owners, lessees, or licensees of property located on Lay Lake for the years 1935 through the 1971, during which time defendant Monsanto manufactured PCB's at its plant in Anniston, Alabama.[1] The plaintiffs assert numerous state law claims for injury to their property and health. Defendants allege that the defendant Blake Hamilton, the current plant manager of defendant Monsanto, was improperly or fraudulently joined solely to defeat this Court's subject matter jurisdiction. On this basis, defendant Monsanto filed a notice of removal (doc. 1) to this court alleging diversity existed, under 28 U.S.C. section 1332,

---

[1] These dates of manufacture are those alleged at paragraph 3 of the affidavit of Robert G. Kaley, II, Ph.D.

17

amongst other grounds.

28 U.S.C. section 1332 requires complete diversity between all parties and all defendants. See 28 U.S.C. sections 1332 and 1441(b)("Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the state in which such action is brought"); see also *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1359 (11th Cir.1996); *Cabalceta v. Standard Fruit Company*, 883 F.2d 1553, 1556 (11th Cir.1989). However, an action may nevertheless be removable if the joinder of non-diverse parties is fraudulent. *Tapscott*, 77 F.3d at 1359 (citations omitted).

Defendant Monsanto alleges in its notice of removal that it was improperly and fraudulently joined with defendant Blake Hamilton. The plaintiffs have filed claims for negligence; wantonness; breach of duty to warn, fraud, misrepresentation, and deceit; nuisance; trespass; battery; assault; negligent infliction of emotional distress; intentional infliction of emotional distress; outrage; common law strict liability and riparian rights. "Removability should be determined 'according to the plaintiff's pleading at the time of the petition for removal.'" *Id.* Based on the common law causes of action alleged by plaintiffs, this court finds that the plaintiffs have established a "colorable" cause of action against defendant Hamilton under Alabama law. See *Cabalceta*, 883 F.2d at 1561.

On a motion to remand, the removing party bears the burden of proof on the issue if diversity. *Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440 (11th. Cir. 1983). Furthermore, the

burden of proving fraudulent joinder rests on the party asserting the claim. *Id.* "In addressing the issue of fraudulent joinder, the district court should resolve all questions of fact and controlling law in favor of plaintiff and can consider any submitted affidavits...." *Cabalceta*, 883 F. 2d at 1561, citations omitted.[2] "If there is even a possibility that the complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder was proper and remand the case to state court. *Coker*, 709 F.2d at 1440-1441.

This court notes that corporations, as a rule, act through individual people. Decisions on what information to release to residents regarding the presence, accumulations and/or hazards of PCB's are made by individuals within a corporation. While the defendant makes much ado over defendant Hamilton not being plant manager at the Anniston location prior to May 22, 1997, the plaintiffs allege in their complaint that "Defendant Hamilton knew or should have know that Monsanto continued to release PCB's as runoff from its contaminated plant. Defendant Hamilton knew or should have known about the presence of PCB's in the waterways and fish; he knew or should have known that the class eating PCB-contaminated fish; and that PCB's were entering their property and persons. Hamilton was responsible for preventing the release, monitoring of PCB's, cleaning up any problem, and warning the

---

[2]Even if this court had doubts about the validity of the claims brought against defendant Hamilton, this court finds that the plaintiffs filed a motion to amend the complaint on September 24, 1997, to add Robert Jones as a defendant. Mr. Jones has been the environmental supervisor at Monsanto since February, 1990 and is also an Alabama resident.

public...." (Plaintiffs complaint at 10-11). Whether defendant Hamilton took any actions to prevent the plaintiffs from learning they were ingesting hazardous substances or took any actions to allow continuing damage to plaintiffs property is relevant to the viability of any claims of plaintiffs but necessarily assumes the existence of a cause of action against this defendant.

Defendants' argue that Mr. Hamilton has been fraudulently joined because he was not the plant manager at that location on the random date that the Alabama Department of Environmental Management (ADEM) happened to do testing in Lay Lake. (Notice of Removal at 2). On this logic, corporations could always claim fraudulent joinder of an individual employee by simply transferring that individual out and moving a new one in after the date of testing. This court is not going to draw this illogical conclusion. This court also presumes that any plant manager at the Monsanto plant in Anniston, Alabama, would be a resident of Alabama for the duration of their employment at this location.

The plaintiffs here complain of PCB contamination. This court is aware that if such contamination existed in the fall of 1996, it existed on May 22, 1997, the date that Mr. Hamilton became the plant manager and continues through today's date.[3] The date of

---

[3]This court finds that the main distinction the date defendant Hamilton became plant manager makes is his level of culpability. However, this does not prevent plaintiffs from stating a cause of action against him. See affidavit of James D. Robinson (doc. 6), stating that "[d]iscovery is needed to determine the extent of Mr. Hamilton's responsibility and authority over environmental issues and this can be accomplished in state court through discovery filed and served with the complaint."

4

employment at this location of defendant Hamilton is not sufficient for this court to find that this defendant was fraudulently joined. Because of the nature of the allegations in plaintiff's complaint, this court finds that under Alabama law, a cause of action against this defendant has been stated.

In consideration of the foregoing, this court hereby **GRANTS** the plaintiffs' motion to remand. It is therefore **ORDERED** by the court that said case be and hereby is **REMANDED** to the Circuit Court of Marion County from whence it was removed.

**DONE** this the  29  day of  December , 199 8 .

Inge P. Johnson
United States District Judge